UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
MIKEISHA BLACKMAN, et al.,              )
                                        )
            Plaintiffs,                 )
                                        )
      v.                                )        Civil Action No. 97-1629 (PLF)
                                        )        Consolidated with
DISTRICT OF COLUMBIA, et al.,           )        Civil Action No. 97-2402 (PLF)
                                        )
            Defendants.                 )
_____ )


MEMORANDUM OPINION AND ORDER

Plaintiffs filed a motion for an extension of time to respond to the defendants'

motion to terminate the consent decree and dismiss this case.  Specifically, plaintiffs seek an

extension to allow the Court Monitor to complete and file his report on defendants' compliance

with the consent decree for the 2013-2014 school year.  Defendants oppose this extension,

arguing that plaintiffs fail to present "good cause" for an extension because plaintiffs are capable

of conducting their own independent evaluation of defendants' compliance with the consent

decree.

As defendants well know, under the express terms of the Consent Decree, the

Court Monitor plays a vital role in "holding [defendants] accountable" by providing the Court

with independent analysis of defendants' progress towards complying with the Consent Decree.

Consent Decree Part I at 9; see also id. ¶ 83 ("The parties agree to the appointment of . . . a

Monitor who will report to the Court, class counsel and Defendants on Defendants' compliance

with the provisions of this Consent Decree . . . ."); id. ¶ 86(a), (e) ("[T]he Monitor will . . . keep

the parties apprised of the Defendants' progress and the status of compliance[, and] prepare a

compliance report to be submitted to the parties and to the Court on an annual basis . . . .");

id. ¶¶ 106(d) ("Each annual and interim report will report on Defendants' progress in achieving compliance with its obligations under the Consent Decree . . . ."). Regardless of plaintiffs' own need for the Court Monitor's report, this Court has always relied on the Monitor's independent review of defendants' compliance. If the past is prologue, the Court will be unable to determine whether defendants have in fact complied with the terms of the Consent Decree until the Court Monitor has conducted his own independent assessment. This is particularly true considering the fact that defendants have asserted compliance with the Consent Decree in 2010, 2011, and 2013, but have been found non-compliant in each of those years after an independent evaluation by the Court Monitor. See Report of the Evaluation Team for the 2009-2010 School Year [Dkt. No. 2243]; Report of the Monitor for the 2010-2011 School Year [Dkt No. 2274]; Report of Clarence J. Sundram for the 2012-2013 School Year [Dkt. No. 2429]. The Court therefore will grant plaintiff's motion. Accordingly, it is hereby

ORDERED that plaintiffs' motion [Dkt. No. 2487] is granted. Plaintiffs' response to defendants' motion to terminate the consent decree and dismiss the case shall be filed on or before ten business days after the Court Monitor files his report for the 2013-2014 school year with the Court.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
DATE: October 8, 2014                     United States District Court